IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02151-BNB

SYLVESTOR CUEVAS,

     Applicant,

v.

D. BERKEBILE, Warden,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Sylvestor Cuevas, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) and is incarcerated at the ADMAX Penitentiary in Florence,

Colorado.  Mr. Cuevas has filed *pro se* an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 [Doc. # 1].  He has paid the $5.00 filing fee.

     On August 13, 2013, Magistrate Judge Boyd N. Boland entered an order [Doc.

# 3] directing Respondent to file a preliminary response limited to addressing the

affirmative defense of exhaustion of administrative remedies if Respondent intended to

raise that defense in this action.  On September 3, 2013, Respondent filed a preliminary

response [Doc. # 8] arguing that this action should be dismissed for failure to exhaust

administrative remedies.  Mr. Cuevas was given an opportunity to file a reply, but did not

do so.

     The Court must construe liberally Mr. Cuevas's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

In the Application, Mr. Cuevas claims that the BOP violated his due process rights by subjecting him–"a known mentally ill inmate"– to disciplinary sanctions in 2011 without first referring him to a mental health expert to determine if he was "competent or responsible for his conduct pursuant to 28 C.F.R. § 541.10(b)(6) and 28 C.F.R. § 541.6." [Doc. # 1, at 2; *see also id.* at 3-7]. He seeks expungement of the disciplinary conviction, which resulted in the forfeiture of good time credits. [*Id.* at 2, 10].

Respondent argues that the Application should be dismissed because Mr. Cuevas has failed to exhaust administrative remedies. [Doc. # 8, at 3-7]. Applicant appears to concede his failure to exhaust, but argues that the exhaustion requirement should be excused because of misconduct by prison officials. [Doc. # 1, at 2, 8].

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. Furthermore, the exhaustion requirement may be

2

excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Cuevas.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id.*

Where a determination is made by a Discipline Hearing Officer ("DHO"), the

inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). However, as stated above, the step after the Regional Director is a final appeal to the Central Office.  28 C.F.R. § 542.15(a).

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  28 C.F.R. § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal.  28 C.F.R. § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level.  28 C.F.R. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*

The administrative remedy records submitted by the parties demonstrate that Mr. Cuevas has failed to exhaust administrative remedies for the claim asserted in his Application for two reasons.  First, Applicant did not assert that the Disciplinary Hearing Officer (DHO) improperly imposed disciplinary sanctions for Incident Report No. 2208321 without referring him to a mental health expert to determine if he was competent or responsible for his conduct.  Instead, Mr. Cuevas challenged only the $200 fine imposed by the DHO upon finding Applicant guilty of the charged offense of possession of intoxicants.  [Doc. # 1, at 15-17; *see also* # 8-1, Declaration of Kara

Lundy, at ¶¶ 15-17].

An administrative remedy request must provide prison officials "with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), overruled in part on other grounds as recognized in *Robbins v. Oklahoma*, 519 F.3d 1242, 1246–47 (10th Cir. 2008) (applying administrative exhaustion requirement in PLRA); *see also Sayed v. Profitt*, 415 F. App'x 946, 949 n. 4 (10th Cir. 2011) (noting that, despite the similarity of the issue, prisoner who raised and exhausted the issue of his right to perform partial ablution did not also raise the issue of a right to perform full ablution); *Barnes v. Allred*, 2012 WL 1436052, at *2–3 (10th Cir. April 26, 2012) (finding that a prisoner's general grievance about abdominal pain did not provide prison officials with enough information to address his claim that a prison doctor was deliberately indifferent to his serious medical condition). Because Applicant failed to present to the BOP the claim he raises in his § 2241 Application, he did not exhaust his administrative remedies.

Second, Applicant has failed to exhaust administrative remedies because he never submitted an appeal of his disciplinary conviction for Incident Report No. 2208321 to the Central Office.  After his claim was twice rejected by a Regional Director, Applicant was required to appeal to the Central Office to complete the exhaustion process.  28 C.F.R. § 542.15(a).  The BOP's records indicate that he did not do so. [*See* Doc. # 8-1, Lundy Declaration, at ¶¶ 12-17; Ex. 1, Attach. 2 (showing no administrative remedies/appeals to Central Office after 2007).  As such, he failed to complete the administrative remedy procedure.  *See Woodford*, 548 U.S. at 90 (stating that "exhaustion of administrative remedies . . . means using all steps that the agency

holds out, and doing so properly (so that the agency addresses the issues on the merits") (quotation marks omitted).

Mr. Cuevas contends that his exhaustion of administrative remedies was impeded by prison officials' failure to provide him with a copy of his DHO report until after the deadline for filing an administrative appeal expired.  [Doc. # 1, at 8, 30].  He further argues that staff refused to mail his appeal to the regional office.  [*Id.* at 8].  However, these arguments address compliance with administrative exhaustion requirements for the claim he did present to the BOP and do not excuse his failure to exhaust a claim that his due process rights were violated when the DHO imposed disciplinary sanctions without referring him to a mental health expert to determine if he was competent or responsible.

In any event, the BOP administrative regulations do not require a DHO report as a precondition to filing an administrative appeal.  *See Pinson v. Berkebile*, No. 12-1026, 2013 WL 3115736, at *4 (10th Cir. June 21, 2013) (stating that "nothing in the regulations require[s] a copy of the [DHO] report when filing an administrative appeal").  The regulations in effect when Applicant filed an administrative appeal explicitly contemplated an appeal without a DHO form, as long as the inmate stated in his appeal the date of the DHO hearing and the nature of the charges against the inmate.  *See* 28 C.F.R. § 541.19 (2010).  Moreover, an applicant who claims that he belatedly received a copy of the DHO report is not entitled to federal habeas relief "so long as the delay had no prejudicial effect on an administrative appeal." *Staples v. Chester*, No. 09-3267, 370 F. App'x. 925, 930 (10th Cir. March 31, 2010) (unpublished).  Mr. Cuevas does not allege any prejudice resulting from the two-month delay between the date the DHO

6

issued a decision, September 28, 2011, and the date Applicant received a copy of the

DHO report, November 27, 2011. [Doc. # 1, at 14, 30].  Applicant was free to refile his

administrative remedy once he received a copy of the DHO Report, raising the claim he

asserts in the Application.  Indeed, the BOP's records reflect that Applicant resubmitted

his appeal to the Regional Director in January 2012, but the appeal was rejected

because it was submitted it to the wrong regional office.  [*See* Doc. # 8-1, Lundy

Declaration, at ¶ 15].  Furthermore, Applicant is not scheduled for release via good

conduct time until July 2023, so he has ample time to exhaust administrative remedies

for his claim.  *See Pinson*, 2013 WL 3115736, at *4.

      To summarize, Mr. Cuevas has not completed the BOP's formal administrative

remedy program for any remedies related to the subject matter of the instant application

and he has failed to demonstrate that the BOP hindered his efforts to exhaust

administrative remedies, so as to excuse the exhaustion requirement.[1]  Therefore, the

instant action will be dismissed without prejudice for failure to exhaust administrative

remedies.

      Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Cuevas files a notice of appeal he also must pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

_____

[1]The Court notes that Applicant does not suggest that exhaustion of administrative remedies would have been futile because he was mentally ill or incompetent during the time period when he was obliged to administratively exhaust the claim.  *Cf. Pinson*, 2013 WL 3115736, at *5.

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1], filed by Applicant Sylvestor Cuevas, is DENIED, and the action is DISMISSED WITHOUT PREJUDICE, for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Applicant may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this __3ʳᵈ__ day of ___October_____, 2013.

BY THE COURT:


__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court